IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MELVIN JONES, JR., ) | No. CV-F-08-318 OWW/DLB |
| ) | |
| ) | ORDER GRANTING PLAINTIFF'S |
| ) | APPLICATION TO PROCEED *IN* |
| Plaintiff, ) | *FORMA PAUPERIS,* DISMISSING |
| ) | ACTION PURSUANT TO 28 U.S.C. |
| vs. ) | § 1915(e)(2)(B), AND |
| ) | DIRECTING CLERK OF COURT TO |
| ) | ENTER JUDGMENT FOR DEFENDANT |
| DANIEL WAINWRIGHT, ) | |
| ) | |
| ) | |
| Defendant. ) | |
| ) | |
| _____ ) | |

On March 6, 2008, Plaintiff Melvin Jones, Jr., proceeding *in pro per,* filed an "Independent ACTION FOR RELIEF From Judgment - to REMEDY FRAUD ON THE COURT" against Daniel Wainwright. On March 26, 2008, Plaintiff filed an application to proceed *in forma pauperis* (Doc. 4).

Plaintiff's application to proceed *in forma pauperis* is granted; it is apparent from Plaintiff's application that he lacks sufficient resources to pay the filing fee.

Pursuant to 28 U.S.C. § 1915(e)(2):

   Notwithstanding any filing fee, or any

```
              portion thereof, that may have been paid, the
              court shall dismiss the case at any time if
              the court determines that -

              ...

              (B) the action or appeal -

                    (i) is frivolous or malicious; [or]

                    (ii) fails to state a claim upon
              which relief may be granted ....
```

The provisions of Section 1915(e)(2)(B) are not limited to prisoners. *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir.2001).

Plaintiff's independent action for relief from judgment is DENIED.

**A.   BACKGROUND.**

Plaintiff filed an action in this Court, *Jones v. Michael Tozzi, et al.*, No. CV-F-05-148 OWW/DLB.  Following numerous dispostive rulings, the only remaining defendant in the action was John Hollenback, who was represented by Daniel Wainwright.  A three day jury trial was conducted on May 8, 9 and 10, 2007.  The jury was instructed on May 10, 2007 and returned a defense verdict after 15 minutes of deliberation.

Plaintiff filed a motion for new trial on May 14, 2007.  In a reply brief in support of the motion for new trial filed on August 28, 2007, Plaintiff claimed misconduct by defense counsel: "'defense counsel's attempted [sic] to use the trust of the Court during the final evidentiary hearing(s) PRIOR TO TRIAL ... [by] FLAT OUT LIED to the Court verbally and in written pleading regarding Jones 'no contest' plea in 1994 - [which was

2

subsequently dismissed in 1995 pursuant to CA statute] - the FLAT OUT LIE was that said misdemeanor plea was related to defense witness, Ms. Chhay, which is unequivocally a TOTAL LIE.'" (Doc. 398, 14:4-11).  In the Memorandum Decision and Order Denying Plaintiff's Motion for New Trial filed on November 8, 2007, the Court refused to consider this ground for a new trial because it was not raised in Plaintiff's initial papers in support of the motion.  *Id.*

In opposing Defendant's motion for attorneys' fees, Plaintiff moved for sanctions pursuant to Rule 11, Federal Rules of Civil Procedure and/or 28 U.S.C. § 1927 and/or Rule 26, Federal Rules of Civil Procedure against defense counsel Daniel Wainwright and/or Defendant John Hollenback.  Plaintiff contended that Defendant violated Rule 11 and/or 28 U.S.C. § 1927 and/or Rule 26 when Defendant characterized Plaintiff's prior criminal conviction in Case No. #E9488120 as a misdemeanor offense of forgery related to documents related to Ms. Chhay in violation of California Penal Code § 476(a).  Plaintiff referred to his Motion in Limine filed on February 7, 2007 (Doc. 295), wherein Plaintiff moved to exclude evidence pertaining to three criminal cases against Plaintiff on the ground that "[a]ll three cases were misdemeanor pleas-negotiations and all are now cleared (record clearance) pursuant to 1203.4 PC."  Plaintiff's motion listed the three cases as:

> (i) #8465500 (plea date 11-01-1984) - record
> clearance on or about 11/1985 ....

        **(ii) #E9488120 (plea date 12/13/95) - record clearance on or about 12/6/1996 ....**

        **(iii) #CC066134 (plea date 8/23/2000) - record clearance on or about 2/20/2004 ....**

Conviction C8465500 is described in Attachment A to this Motion in Limine as a violation of California Penal Code §§ 484-487 (generally theft of property).  Conviction #E9488120 is described in  Attachment B to this Motion in Limine as a misdemeanor violation of California Penal Code § 476A (forgery and counterfeiting).  Conviction #CC066134 is described in Attachment C to this Motion in Limine as a violation of California Penal Code § 273.5(a)(infliction of corporal injury on spouse).  Plaintiff then referred to the Pretrial Statement filed on March 22, 2007 (Doc. 301) as indicating Defendant's "awareness of Jones' DOC # 295, and also indicates the defense's knowledge of criminal case #E9488120 involving Jones."  Specifically, Plaintiff refers to the section of Defendant's Pretrial Statement captioned "(11) <u>Exhibits - Schedules and Summaries</u>", where Defendant states he expects to offer the following documents/exhibits at trial: "All documents from the Santa Clara County Judicial District involving the case of <u>The People of the State of California vs. Melvin Jones</u> (Case No. E9488120)."  Plaintiff refers to Defendant's opposition to his Motion in Limine (Doc. 295) filed on April 23, 2007 (Doc. 315).  Plaintiff states that "the defense stated that said case #E9488120 was connected to [involved plaintiff committing a crime against Ms. Chhay] Domestic violence re: Ms. Chhay."  Defendant's opposition

4

to Plaintiff's Motion in Limine states:

> There are three prior misdemeanor convictions that may potentially be used to impeach plaintiff during his trial testimony.
>
> The first occurred on or about November 1, 1984 when he plead *nolo contendere* to charges that he committed theft via fraud and wrongfully appropriated property. (Cal. Penal Code §§ 484-487.) The second, occurred on December 13, 1995 when plaintiff was convicted of the misdemeanor offense of forgery related to documents related to Ms. Chhay. (Cal. Penal Code § 476(a).) The third incident took place on August 23, 2000, when plaintiff was convicted of the misdemeanor offense of willfully inflicting onto the mother (Ms. Chhay) of his, [sic] corporal injury resulting in a traumatic condition. (Cal. Penal Code § 273.5(a).)

Plaintiff asserted that, during the hearing on the parties' motions in limine conducted on May 1, 2007:

> [D]efense counsel repeated/ [sic] (defended Jones' motion by making) statement to Court that Case #E9488120, was a conviction as to fraud upon Ms. Chhay ... [T]he District Court relied upon defense counsel's representations as to CASE #E9488120. The District Court indicated that because Case #E948812, and case # CC066134 involve Domestic violence (pattern) - that both cases would be admissible. Defense counsel reassured the Court that Case #E9488120 involved Plaintiff committing Fraud against Ms. Chhay.

Plaintiff then referred to the "Order of the Court Regarding the Parties' Motions *In Limine*" filed on May 8, 2007 (Doc. 352):

> 1.  The Court GRANTS plaintiff's Motion regarding the exclusion of evidence of plaintiff's November 1, 1984 Cal. Penal Code §§ 488-487 conviction.
>
> 2.  The Court DENIES plaintiff's Motion regarding the exclusion of evidence pertaining to plaintiff's December 13, 1995

          fraud conviction pursuant to Cal. Penal Code
          § 476(a).  The dismissal shall be attached.

          3.  The Court DENIES, in part, plaintiff's
          Motion regarding the exclusion of evidence
          pertaining to the domestic violence
          conviction of plaintiff, for the purpose of
          establishing a possible bias on the part of
          plaintiff and the victim of said domestic
          violence, Kea Chhay.  The dismissal shall be
          attached.

Plaintiff then asserted that, during the October 29, 2007 hearing on Plaintiff's Motion for a New Trial:

          Relying upon Defense Counsel's previous
          representation as to CASE #E9488120 being
          Fraud against Ms. Chhay (Domestic Violence)
          as to 'forging a check of Ms. Chhay - as
          defense counsel has represented to the
          District Court - the district court verbally
          referenced said representation by defense
          counsel - relying upon said representation to
          be true [WHICH IS NOT TRUE].

Plaintiff argued that his conviction in Case #E9488120 did not involve Ms. Chhay but "involved a business dispute with an automobile dealer in Sunnyvale, CA. [Larry Hopkins]."  Plaintiff submitted documentary evidence substantiating this fact.

    Defendant opposed Plaintiff's requests for sanctions, contending they "are not based on fact, law or other evidence." Defendant contends that these motions "are nothing more than Plaintiff's continued claims that he was somehow wronged or harmed during the three day jury trial [and] that the Motions are nothing more than renewed arguments and claims that Plaintiff is entitled to a new trial."  Defendant asserted that the Court has summarily rejected Plaintiff's claims in denying his motion for a new trial.

1  In the Memorandum Decision and Order Denying Plaintiff's
2  Motion for New Trial filed on November 9, 2007 (Doc. 398),
3  Plaintiff's claim was rejected that he was entitled to a new
4  trial because of defense misconduct that "'defense counsel
5  attempted to use the trust of the Court during the final
6  evidentiary hearing(s) PRIOR TO TRIAL ... [by] FLAT OUT LIED to
7  the Court verbally and in written pleading regarding Jones' "no
8  contest" plea in 1994 [sic] - [which was subsequently dismissed
9  in 1995 pursuant to CA Statute] - the FLAT OUT LIE was that said
10 misdemeanor plea was related to defense witness, Ms. Chhay, which
11 is unequivocally a TOTAL LIE.'" In rejecting Plaintiff's claim
12 for a new trial on this ground, the Court ruled:

> The Court will not consider grounds for a new
> trial not raised in the initial papers in
> support of the motion.  Further, a new trial
> may only be granted when discovery misconduct
> is alleged and the movant can: (1) prove by
> clear and convincing evidence that the
> verdict was obtained through fraud,
> misrepresentation, or other misconduct; and
> (2) establish that the conduct complained of
> prevented the losing party from fully and
> fairly presenting his case or defense.  *Wharf
> v. Burlington Northern R. Co.*, 60 F.3d 631,
> 637 (9th Cir.1995); *Jones v. Aero/Chem Corp.*,
> 921 F.2d 875, 878-879 (9th Cir.1990).  The
> examples asserted by Plaintiff do not raise
> any issues that impacted the trial.
> Plaintiff has not made the showing required
> to obtain a new trial based on alleged
> discovery abuse.

23 (Doc. 398, p. 14:12-24).  The Court also rejected Plaintiff's
24 claim he was entitled to a new trial because of judicial error in
25 Jury Instruction No. 6:
26      Jury Instruction No. 6 states:

7

> The evidence that plaintiff has been convicted of the crime of fraudulently passing a bad check may be considered only as it may affect the believability of plaintiff as a witness and for no other purpose.
>
> The evidence that plaintiff has been convicted of the crime of domestic violence may be considered only as it may affect the motive or the bias of plaintiff and the victim, Ms. Chhay, as it bears on their believability and for no other purpose.

Plaintiff filed motions in limine to exclude evidence of these two convictions. In the Order resolving the motions in limine (Doc. 352), the Court ruled in pertinent part:

> 2. The Court DENIES plaintiff's Motion regarding the exclusion of evidence pertaining to plaintiff's December 13, 1995 fraud conviction pursuant to Cal. Penal Code § 476(a). The dismissal shall be attached.
>
> 3. The Court DENIES, in part, plaintiff's Motion regarding the exclusion of evidence pertaining to the domestic violence conviction of plaintiff, for purpose of establishing possible bias on the part of plaintiff and the victim of said domestic violence, Kea Chhay. The dismissal shall be attached.

Plaintiff argues that "because this information was <u>not</u> set forth with the FACT that both 'convictions' have been dismissed per CA law is fundamentally unjust to Pro Se Plaintiff, as the Jury would be confused re: Plaintiff's direct testimony re: dismissal." Plaintiff further asserts that Jury Instruction No. 6, when combined with Jury Instruction No. 7 (Witness Materially False), "have the force and effect of a DIRECTING A VERDICT, As Jury Instruction # 6 ... is

8

contrary to the Courts Order on MIL, and Plaintiff's testimony as TO THE SAME." Plaintiff contends that his 1995 fraud conviction by plea of no contest, "which has been withdrawn/dismissed per California statute, should not, and is not admissible Due to an unrebutted Presumption of Rehabilitation due to No conviction since of a crime of dishonesty/FRAUD." Plaintiff argues that "defendant has provided NO evidence prior or during 1st trial of Plaintiff's presumption of Rehabilitation - being disproven." Plaintiff makes similar arguments with regard to his domestic violence conviction.

Plaintiff is not entitled to a new trial on this ground. As Defendant avers in his Declaration in opposition to the motion for new trial:

> 37. At trial, Plaintiff chose to introduce evidence of his prior convictions for check fraud and battery against a spouse or domestic partner. He also introduced evidence, through his testimony, that following successful completion of probation, he had been permitted to withdraw his 'nolo contendere' pleas to these charges and to enter 'not guilty' pleas with the charges being dismissed. Plaintiff choose *not* to introduce any documentary evidence of his change of pleas. Furthermore, it should be noted that the defense never introduced any documents regarding the convictions in the first place.
>
> 38. Plaintiff, not the defense, raised these matters during Jury *voir dire*, in his Opening Statement, in his case-in-chief and again in his closing statements.
>
> 39. The jury was properly instructed by this Court that it could consider the 'domestic violence' charge as possibly

9

>     diminishing the credibility of Kea
>     Chhay, since it gave her a motive
>     for testifying against Plaintiff
>     and vice versa.  As to the
>     fraudulent check charge, the jury
>     [was] properly instructed that
>     Plaintiff being convicted of a
>     crime involving moral turpitude
>     could be considered as adversely
>     affecting Plaintiff's credibility.
>     There had never been a factual
>     finding of innocence on the part of
>     Plaintiff with respect to either of
>     his criminal convictions,
>     notwithstanding the fact that he
>     had been permitted to withdraw his
>     'nolo contendere' pleas upon
>     completion of his probation in each
>     instance.  More important,
>     Plaintiff did not deny committing
>     the underlying criminal acts
>     particularly the fraudulent check
>     offense in his testimony at trial.
>
> Plaintiff himself introduced the subject of
> his prior convictions; it was up to him
> introduce the documents demonstrating that
> these convictions had been dismissed.
> Plaintiff's claimed errors were invited by
> his introduction of these subjects without
> presenting any documentary evidence of the
> dismissal of these convictions.  Instruction
> No. 2 [sic] correctly stated the law.
>
> (Doc. 398, 19:19-22:7).
>
> Plaintiff replies that Defendant's opposition
> "continues his FRAUD ON THE COURT by
> attempting to evade meeting the issue(s)
> head-on" and that Defendant's opposition
> "ostensibly concealing said fraud by evading
> the issue [sic]."  Plaintiff contends "said
> continued misconduct is further grounds for
> allowing this Honorable Court to sanction
> defense counsel per 28 USC S. 1927."
>
> For purposes of this Memorandum Decision, the
> Court accepts Plaintiff's assertions that
> Defendant stated to the Court that Case
> #E9488120 involved Plaintiff's forgery
> relating to Ms. Chhay.  Plaintiff does not

10

1
2
3
4
5
6
7
8
9
10
11
12

>     represent and the Court has no recollection
>     that Plaintiff ever advised Defendant or the
>     Court that Case #E9488120 did not involve
>     forgery relating to Ms. Chhay during pretrial
>     proceedings or the trial itself.  It was not
>     until August 28, 2007, when Plaintiff filed
>     his "Objections and Requests as to Pending
>     Motion for Fees and Motion for New Trial"
>     filed on August 28, 2007 (Doc. 383), a
>     pleading deemed by the Court to be
>     Plaintiff's reply brief in support of his
>     motion for a new trial, that Plaintiff
>     contended that this conviction did not
>     involve Ms. Chhay.  Any misrepresentation to
>     the Court was caused by Plaintiff's lack of
>     candor concerning the actual facts underlying
>     this prior conviction.  Plaintiff essentially
>     waited in the weeds to ambush the verdict
>     against him based on information of which he
>     was aware from Day One.  There is no basis
>     for imposition of sanctions against Defendant
>     on this ground and certainly no basis to deny
>     the motion for attorney's fees on this
>     ground.

13
14
15
16
17
18
19

On January 15, 2008, Plaintiff filed a motion to vacate the judgment entered against him and in favor of Defendant pursuant to Rule 60(b)(3) and 60(b)(6), Federal Rules of Civil Procedure, contending that fraud on the court had occurred because of the mischaracterization of his prior conviction.  Plaintiff noticed the motion for hearing on March 3, 2008.

20
21
22
23
24
25
26

By email to Mr. Wainwright dated February 6, 2007 (forwarded to the Courtroom Deputy, Alice Timken), Plaintiff stated that on February 11, 2008 "Plaintiff Jones will supplement and re-notice his pending Rule 60 motion set to be heard on 3/3/2008 as <u>an independent action for fraud upon the court</u>. [¶] Also, I will present NO ARGUMENT, etc. as to the pending Rule 60 motion, and will withdraw any request(s) that said Rule 60 motion be

considered on 2/11/2008. [¶] Hearing date for said re-noticed Rule 60 motion will be set (re-set) for APRIL 28, 2008."

On February 7, 2008, Plaintiff filed "PLAINTIFF's request for JUDICIAL NOTICE OF ATTACHMENT 'A' AND NOTICE OF REQUEST." Plaintiff asserts that, at the February 11, 2008 hearing on Defendant's motion for attorney's fees, he will request "to have his pending motions (any/all) which relate to Defense misconduct/FRAUD to BE TREATED as motions brought under Rule 60, or in the alternative Jones withdraws (will on 2/11/2008) at oral argument any/ALL Requests/Motions pertaining to/Related to defense misconduct DUE to the FACT, Jones will File (on/about 2/12/2008) a complaint/ACTION FOR Independent Relief [See Attachment 'A' affixed hereto - a true copy of said independent ACTION]."

Because of Plaintiff's representations, Plaintiff's motion to vacate the judgment pursuant to Rule 60(b)(3) and 60(b)(6) was denied as moot (Doc. 415).

C.  GOVERNING STANDARDS.

Rule 60(d), Federal Rules of Civil Procedure, provides:

> This rule does not limit a court's power to:
>
>   (1) entertain an independent action to relieve a party from a judgment, order, or proceeding;
>
>   ...
>
>   (3) set aside a judgment for fraud on the court.

An independent action is "available only to prevent a grave

12

miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47 (1998)." "Independent actions must, if Rule 60(b) is to be interpreted as a coherent whole, be reserved for those cases of 'injustices which, in certain instances, are deemed sufficiently gross to demand a departure' from rigid adherence to the doctrine of res judicata." *Id.* at 47, *citing Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944). As explained in *Appling v. State Farm Mut. Auto. Ins. Co.*, 340 F.3d 769, 780 (9th Cir.2003), *cert. denied*, 543 U.S. 871 (2004):

> As we explained in *In re Lavender*, the basis for an independent action to set aside a judgment for fraud on the court lies in misconduct that 'harm[s] the integrity of the judicial process.' 180 F.3d at 1119 ... We read the term 'fraud on the court' narrowly, and apply the following definition:
>
> > 'Fraud upon the court' ... embrace[s] only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery can not perform in the usual manner its impartial task of adjudging cases that are presented for adjudication.
>
> *Id.* ...

Fraud on the court must be proved by clear and convincing evidence. *England v. Doyle,* 281 F.2d 304, 309-310 (9th Cir. 1960). A fraud on the court is an unconscionable plan or scheme designed to improperly influence the court in its decision. *Id.* at 309; *Phoceene Sous-Marine v. U.S. Phosmarine, Inc.*, 682 F.2d 802, 805 (9th Cir.1982). "A finding of fraud on the court is

13

1  justified only by the most egregious misconduct directed to the
2  court itself, such as bribery of a judge or jury or fabrication
3  of evidence by counsel, [citations] and must be supported by
4  clear, unequivocal and convincing evidence."  *In re Coordinated*
5  *Pretrial Proceedings in Antibiotic Antitrust Actions ("Phizer")*,
6  538 F.2d 180, 195 (8th Cir.1976), *cert. denied*, 429 U.S. 1040
7  (1977).

8  "There is no time limit on setting aside a judgment on [the
9  ground of fraud upon the court], nor can laches bar consideration
10 of the matter.  It does not matter whether a party bringing the
11 fraud to the court's attention has clean hands."  Wright, Miller
12 & Kane, Federal Practice and Procedure: Civil 2nd § 2870, p. 412.

13 Plaintiff's independent action to set aside the judgment for
14 fraud on the court reiterates and amplifies the factual and legal
15 positions asserted by Plaintiff in his reply brief in support of
16 his motion for new trial and in the various pleadings,
17 subsequently withdrawn, asserted in connection with the motion
18 for attorneys' fees in *Jones v. Hollenbeck*, No. CV-F-05-148
19 OWW/DLB.

20 Plaintiff argues that his lack of diligence in bringing the
21 alleged fraud to the attention of the Court does not negate the
22 Court's power to set aside the judgment.

23 Although Plaintiff's lack of diligence might not, under
24 other circumstances, negate the Court's power, this is not a case
25 in which his lack of diligence is irrelevant.  As previously
26 ruled, Plaintiff had multiple opportunities to bring Mr.

Wainwright's mischaracterization of Plaintiff's prior conviction to the Court's attention and failed to do so. Plaintiff's excuse for his failure, i.e., that he is not an attorney, is simply not persuasive.

Further, Plaintiff has not established by clear and convincing evidence that a fraud upon the Court occurred. Mr. Wainwright's mischaracterization of Plaintiff's prior conviction, made in connection with a motion in limine, is not the type of egregious misconduct justifying the setting aside of the jury's verdict in this action. Plaintiff's contention of fraud upon the Court in no way equates to the bribery of a judge or jury or the fabrication of evidence. This is especially the case when Plaintiff himself was always aware that a mistake had been made and did nothing to correct or rectify it until months after the verdict had been rendered. Further, there has been no miscarriage of justice in this action as a result of the mischaraterization of Plaintiff's prior conviction. Mr. Wainwright did not even attempt to introduce evidence of Plaintiff's prior convictions at the jury trial; it was Plaintiff who did so. It cannot be said that the mischaracterization of Plaintiff's prior conviction prevented Plaintiff from fully and fairly presenting his case to the jury. Plaintiff's independent action is frivolous, malicious, and fails to state a claim upon which relief can be granted.

## CONCLUSION

For the reasons stated:

1. Plaintiff's application to proceed *in forma pauperis* is **GRANTED**;

2. Plaintiff's Independent Action for Relief from Judgment to Remedy Fraud on the Court is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B);

3. The Clerk of the Court is directed to enter **JUDGMENT** for Defendant.

IT IS SO ORDERED.

**Dated:   July 7, 2008**                      /s/ Oliver W. Wanger
                                         UNITED STATES DISTRICT JUDGE